UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OLD LADDER LITIGATION CO., LLC, )
as Litigation Designee on behalf ) 2:08-cv-01361-GEB-EFB
of the Liquidation Trust, )
                                )  ORDER TO SHOW CAUSE
                     Plaintiff, )  AND CONTINUING STATUS
                                )  (PRETRIAL SCHEDULING)
     v.                         )  CONFERENCE;FED. R. CIV.
                                )  P. 4(m) NOTICE
GRIEF BROS CORPORATION,         )
                                )
                     Defendant. )
                                )

        The June 17, 2008, Order Setting Status (Pretrial Scheduling) Conference ("Order") scheduled a status conference in this case for September 29, 2008, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file

(continued...)

1

report was filed.

Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on October 14, 2008, why sanctions should not be imposed against Plaintiff and/or Plaintiff's counsel under Rule 16(f) of the Federal Rules of Civil Procedure for its failure to file a timely status report.

Plaintiff's written response shall also explain whether Plaintiff has effected service of process on Defendant, and whether Plaintiff has served Defendant with a copy of the June 17 Order.[2] If service of process has been completed but Plaintiff has not yet served Defendant with a copy of the June 17 Order, Plaintiff shall also show cause why Plaintiff and/or Plaintiff's counsel should not be sanctioned for failure to timely serve Defendant with a copy of the Order. Further, if service of process has not been completed on or before October 9, 2008, Plaintiff shall show cause why this action should not be dismissed for failure to serve Defendant within the 120-day time period prescribed by Rule 4(m).

The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the

---

[1](...continued)
a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

June 17 Order at 2 n.1.

[2] As prescribed in the June 17 Order, Plaintiff was required to serve Defendant with a copy of the June 17 Order "[c]oncurrently with the service of process, or as soon thereafter as possible . . . ." June 17 Order at 1.

2

OSC.[3]  If a hearing is requested, it will be held on October 27, 2008, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the June 17 Order, a status report shall be filed no later than fourteen days prior to the status conference.

　　　　IT IS SO ORDERED.

Dated:  September 24, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).